IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALDA R. HUNTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | NO. 09-108 |
| Commissioner of Social Security | : | |

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J                                                                    AUGUST 22, 2011

      Upon consideration of plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 8), defendant's response thereto (Doc. No. 9), the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Doc. No. 11), defendant's objections (Doc. No. 12) and plaintiff's response thereto (Doc. No. 13), I make the following findings and reach the following conclusions:

      1.      On September 27, 2006, Walda R. Hunter ("Hunter") protectively filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of August 18, 2004. (Tr. 89-99). Throughout the administrative process, including a hearing held on March 19, 2008 before an ALJ, Hunter's claims were denied. (Tr. 14-24; 25-43; 49-53). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Hunter filed her Complaint in this court on January 14, 2009. (Tr. 1-4). On October 28, 2009, Magistrate Judge Elizabeth T. Hey filed a Report and Recommendation ("R&R"), recommending a remand in order to further consider Hunter's mental impairment. Thereafter, defendant submitted objections to the R&R and Hunter filed a response thereto.

      2.      In her March 28, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Hunter had non-severe depression and severe osteoarthritis of the knees, degenerative disc disease of the cervical spine with radiculopathy, and obesity; (2) her impairments did not meet or equal a listing; (3) she had the residual functional capacity ("RFC") to perform sedentary work with no overhead lifting; (4) she could perform her prior work as an insurance claims examiner; and (5) Hunter was not disabled. (Tr. 17 Finding 3; 19 Finding 4; 20 Finding 5; 23 Finding 6; 24 Finding 7).

      3.      This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v.

Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).  The Court reviews objections to the Magistrate Judge's R&R *de novo*.  28 U.S.C. § 636(b)(1)(C).

    4. In her R&R, Judge Hey recommended a remand based on a perceived failure of the ALJ to properly assess the evidence of Hunter's depression at step two and also to re-assess Hunter's functional limitations in the RFC and the hypothetical question.  The Commissioner objects on both grounds and contends that:  (1) the step two severity decision of the ALJ was supported by substantial evidence; and (2) the hypothetical question posed to the vocational expert ("VE") included all medically verifiable limitations.  These two issues mirror the issues raised in the parties' initial brief and response.  I agree with the Commissioner, and, thus, his objections will be sustained.

    A. While the step-two severity analysis is a *de minimus* screening device meant to bar baseless claims, in order to be severe, an impairment must still create more than a slight abnormality which has more than a minimal effect on an individual's ability to work.  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546-47 (3d Cir. 2004); S.S.R. 86-8.  In weighing the evidence at step two, as well as at all steps in the sequential analysis, the ALJ may choose which evidence to credit but must also provide reasoning for his or her decision.  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

    The Commissioner first claims that Judge Hey failed to give the ALJ the deference due to her step two evaluation under the substantial evidence review.  I concur.  While there is evidence to support both points of view, my duty is merely to determine whether there was sufficient evidence to support the ALJ's conclusion and whether the ALJ properly explained her decision.  Hartranft, 181 F.3d at 360; Plummer, 186 F.3d at 429.  In discussing the severity of Hunter's depression at step two, the ALJ reviewed all of the relevant evidence and ultimately concluded that she had no severe mental impairment based on:  (1) the state agency psychologist Dr. J.J. Kowalksi's April 24, 2007 finding of no severe mental impairment; (2) the minimally abnormal mental findings assessed by consultative examiner Dr. Lori Hart on March 21, 2007 and Dr. Kevin Huang on February 15, 2008; (3) Hunter's lack of any mental health treatment prior to February 2008; and (4) her lack of any significant mental health complaints in her disability application and at the hearing. (Tr. 19; 244-46; 247-59; 284-86).  The ALJ also noted that Hunter was capable of performing a variety of activities of daily living. (Tr. 18).

Hunter supports her position by referencing treatment notes showing certain symptoms, Dr. Hart's 2007 "strong recommendation" that she receive mental health treatment, and two global assessment of functioning ("GAF") scores of 55 and 50 from January 25, 2008 and February 15, 2008 respectively. (Tr. 246; 286; 289). I note that "[a] GAF score does not have a direct correlation to the severity requirements." Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009). This evidence does support Hunter. Nonetheless, the ALJ supported her step two determination with adequate evidence as outlined above and discussed all of the relevant evidence. Therefore, I conclude that the ALJ met her obligations under Plummer and Hartranft, and, as a result, I must find that her determination is supported by substantial evidence.[1]

B. Second, the Commissioner objects to Judge Hey's finding that the ALJ's hypothetical question to the VE was incomplete due to a lack of mental limitations from Hunter's depression. Again, I agree. The RFC assessment and hypothetical question "need not include every impairment alleged by a claimant" but instead must include only limitations that are credibly established by medical evidence. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). As discussed above, the ALJ's decision to find Hunter's depression non-severe was supported by substantial evidence. Since the ALJ properly found that Hunter's depression did not limit her ability to work in any appreciable way, it was appropriate for the ALJ not to add mental limitations to the hypothetical question. Id.; Bryan v. Comm'r of Soc. Sec., 383 Fed. Appx. 140, 147, n.5 (3d Cir. 2010).

5. After carefully reviewing all of the documents and evidence, I find that the ALJ's conclusion that Hunter was not disabled was legally sufficient and supported by substantial evidence. Therefore, Hunter's request for relief must be denied, defendants' objections to the R&R sustained, and the decision affirmed.

An appropriate Order follows.

---

[1] Judge Hey also suggested that the ALJ confused her step two and step three analyses when determining that Hunter's depression was not severe. The ALJ does reference the requirements of Listing 12.04 (affective disorders) when discussing the severity of Hunter's depression. I note that a discussion of the Listings should appear in step three. However, it is clear from her analysis and conclusion that the ALJ properly applied the step two standard for severity. (Tr. 17-19). Therefore, I find no error.